IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TEARRIA SIMMONS and CLINTON
SIMMONS, *individuals, their children,*
A.B.P., O.S.S., and R.T.S., *by and through
their mother*; and BILLY LEE CORAM,
*an individual, pro se*,

    Plaintiffs,

v.    Case No. 3:25-cv-00345

CITY OF HURRICANE, *a municipality*;
SCOTT EDWARDS, *Mayor of the City of
Hurricane, in his individual capacity*;
CHIEF MICHAEL MULLINS, *Chief of
Hurricane Police Dept., in his individual
capacity*; CORPORAL BRETT JOHNSON;
PATROLMAN W. D. ALLEN; PATROLMAN
PAYTON CARR; SERGEANT MAKENZIE
WHITE; DETECTIVE JONATHON PAYNE
OFFICER JOHN DOES 1-10, i*nclusive, in
their individual capacities*; and
ALYSON DENISON, *a worker for Child
Protective Services, in her individual
capacity*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Currently pending are Plaintiffs' Applications to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2, 3). Under 28 U.S.C. § 1915(a)(1), the Court may authorize Plaintiffs to prosecute this civil action *in forma pauperis* ("IFP").[1] If the Court grants the motion to proceed IFP, Plaintiffs are excused from prepayment of the $405.00 filing fee

---

[1] Although 28 U.S.C. § 1915(a)(1) includes the word "prisoner," this and certain other subsections apply to all indigent litigants, whereas certain provisions of the statute, such as, for instance, 28 U.S.C. § 1915(b)(1), apply only to prisoners. *See, e.g., DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003).

1

associated with this action. *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003) (citing 28 U.S.C. § 1915(a)(1)). In addition, officers of the Court shall carry out duties associated with service of process on behalf of IFP litigants. *Id*. As specified in the statute, "[a]n indigent litigant seeking to proceed IFP must file an affidavit that includes statements of that person's assets and his [or her] inability to pay fees." *Id*.

    The purpose of the IFP statute is to provide indigent persons equal access to the judicial system. Plaintiffs do not have to prove that they are "absolutely destitute to enjoy the benefit of the statute," nor do they have to make themselves and any dependents wholly destitute in order to advance potentially meritorious claims. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "[A]n affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. *Just. v. Granville Cnty. Bd. of Educ.*, No. 5:10-CV-539-BR, 2012 WL 1801949, at *2 (E.D.N.C. May 17, 2012), *aff'd sub nom. Just. ex rel. AJ v. Granville Cnty. Bd. of Educ.*, 479 F. App'x 451 (4th Cir. 2012).

    Many factors are considered in evaluating an IFP application. For example, other courts have considered the poverty guidelines set by the United States Department of Health and Human Services as one measure in determining what level of income constitutes poverty for purposes of 28 U.S.C. § 1915(a)(1). *Hagan v. Comm'r of Soc. Sec. Admin.*, No. CV 9:19-2591-BHH-BM, 2019 WL 6120517, at *1 (D.S.C. Oct. 28, 2019), *report and recommendation adopted,* 2019 WL 6118099 (D.S.C. Nov. 18, 2019). Additionally, "[e]ven if plaintiff's assets are not liquid, the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee." *Justice v. Granville Cnty. Bd. of Educ.*, No. 5:10-CV-539-BR, 2012

WL 1801949, at *3 (E.D.N.C. May 17, 2012), *aff'd sub nom. Just. ex rel. AJ v. Granville Cnty. Bd. of Educ.*, 479 F. App'x 451 (4th Cir. 2012).

Here, Plaintiffs' affidavits show that their income is below the federal poverty level, and they do not have significant cash, savings, or assets. (ECF Nos. 1, 2, 3). Specifically, Plaintiffs Tearria Simmons and Clinton Simmons have three minor dependents, their combined monthly income is $1,550.00, they have $75.00 in cash or checking or savings accounts, and their only asset is a mortgaged home valued at $160,000.00 for which they have approximately $15,000.00 in equity. (*Id.*). Plaintiff Billy Lee Coram receives social security disability payments totaling $994.00 per month, and he does not have any cash or checking or savings accounts, nor does he have any assets. (ECF No. 3).

Given the above factors, it would be an undue hardship for Plaintiffs to prepay the $405.00 filing fee associated with this action. The Court **GRANTS** Plaintiffs' Applications to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2, 3). Plaintiffs are hereby permitted to proceed without prepayment of the $405.00 filing fee necessary to pursue this action. However, it is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs and fees taxed against Plaintiffs and pay the balance to Plaintiffs and their attorneys, if any. *See* L.R. Civ. P. 3.5 ("In all cases initiated without payment of fees and costs, the affiant shall stipulate in his or her affidavit that any recovery in the action shall be paid to the clerk, who shall pay therefrom any remaining unpaid costs taxed against the plaintiff and remit the balance to the plaintiff, if *pro se*, or, otherwise, to the plaintiff and his or her attorney jointly.").

Also pending is Plaintiffs' motion for leave to file documents electronically in this case. (ECF No. 5). Plaintiffs request permission to file electronically to facilitate the

efficient and timely submission of court filings, including the ability to receive immediate notifications of orders, filings, and other case activities, and to aid in the service of proper notice to the parties. (*Id.* at 3). Plaintiffs assert that they will comply with all applicable rules and procedures governing electronic filing. (*Id.*). Further, Plaintiff Tearria Simmons attests that she has completed CM/ECF training through her current place of employment, is familiar with the Court's electronic filing system, and can assist the other Plaintiffs concerning e-filing.

Under the Federal Rules of Civil Procedure, "[a] person not represented by an attorney: (i) may file electronically only if allowed by court order or by local rule; and (ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions." Fed. R. Civ. P. 5(d)(3)(B). In this case, the *pro se* Plaintiffs have not demonstrated circumstances to justify the Court granting them leave to file electronically. As an initial matter, the first two documents that Plaintiffs filed in this action violate Local Rule of Civil Procedure 5.2.1 concerning privacy protection for filings made with the Court. The Applications to Proceed Without Prepayment of Fees and Costs include the full names of Plaintiffs' minor dependents. (ECF Nos. 1, 2). Only the initials of the children should have been used in documents filed in the public record. L.R. Civ. P. 5.2.1(a)(2). The parties are reminded of their obligation to comply with all applicable rules, including the privacy protections for filings made with the Court.

Furthermore, although Plaintiff Tearria Simmons received training regarding CM/ECF, her precise history and familiarity with the complex rules and procedures governing electronically filing is unknown. Moreover, there is no indication that two of the Plaintiffs have any knowledge of the e-filing system. The Court points out that there are often inadvertent filing errors made by even the most seasoned legal professionals in

4

this Court. To allow Plaintiffs permission to file electronically would likely cause delays in the judicial process, which would prejudice all parties in the action. Given those considerations, the motion to file electronically, (ECF No. 5), is **DENIED**.

The Clerk is **ORDERED** to (1) issue summonses for the following named Defendants: City of Hurricane, Scott Edwards, Chief Michael Mullins, Corporal Brett Johnson, Patrolman W. D. Allen, Patrolman Payton Carr, Sergeant Makenzie White, Detective Jonathon Payne, and Alyson Denison; (2) provide the summonses and copies of the complaint, (ECF No. 4), to the United States Marshals Service for service; (3) redact the names of the minor children in the Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 1, 2); and provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** May 30, 2025



Joseph K. Reeder
United States Magistrate Judge