IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TEARRIA and CLINTON SIMMONS,
Individuals, their children, A.B.P., O.S.S.,
and R.T.S., by and through their mother, and
BILLY LEE CORAM, an individual, pro se,

                Plaintiffs,

v.                                        CIVIL ACTION NO. 3:25-00345

CITY OF HURRICANE, a municipality,
SCOTT EDWARDS, Mayor of the City of Hurricane,
in his individual capacity, CHIEF MICHAEL MULLINS,
Chief of Hurricane Police Department, in his individual
capacity, CORPORAL BRETT JOHNSON, PATROLMAN,
W.D. ALLEN, PATROLMAN PAYTON CARR, SERGEANT
MAKENZIE WHITE, DETECTIVE JONATHAN PAYNE, and
OFFICER JOHN DOES 1-10, inclusive, in their individual capacities,
and ALYSON DENISON, a worker for Child Protective Services,
in her individual capacity,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that (1) Defendant Alyson Denison's Motion to Set Aside Entry of Default (ECF 23) be granted; (2) Plaintiffs' Motion for Partial Entry of Default Judgment Against Defendant Alyson Denison, and Award for Damages, Pursuant to Fed. R. Civ. Pro. 55(b)(2) (ECF 27) be denied; and (3) Defendant Denison be granted leave to file an answer or other responsive pleading.

*See* ECF 67 at 9. Plaintiffs have filed objections to the Magistrate Judge's findings and recommendations. *See* ECF 75.

The Court, having reviewed the pleadings and Plaintiffs' objections de novo, **ADOPTS** the Magistrate Judge's Findings and Recommendations **in part**. The Court will grant Defendant Denison's Motion and deny Plaintiffs' Motion. However, because the Court concludes Plaintiffs failed to properly serve Ms. Denison, the Court will not grant Ms. Denison leave to file an answer or other responsive pleading.

I.  BACKGROUND

After Plaintiffs filed the present action, the Magistrate Judge authorized Plaintiffs to proceed in forma pauperis. *See* ECF 7 at 1, 3. As a result, the United States Marshals Service was tasked with serving process on the defendants. *See id.* at 1–2.

On June 11, 2025, the U.S. Marshals Service filed a Proof of Service indicating that U.S. Marshal Justin Mounts served Defendant Denison by leaving a summons with "Chad Blankenship, CPS Supervisor" at Ms. Denison's workplace. ECF 17 at 3. Ms. Denison acknowledges that she "became aware of the lawsuit" even though she was not served directly. ECF 24 at 5.

Since Ms. Denison never filed an answer or a responsive pleading, the Clerk of Court entered default on July 8, 2025. *See* ECF 21. After learning of the entry of default, Ms. Denison's counsel moved to set aside the default, arguing that the service on Mr. Blankenship was improper and that good caused existed for setting aside the default. *See* ECF 23 at 1–2.

The Magistrate Judge recommended that the default be set aside, and that Ms. Denison be granted leave to file an answer or other responsive pleading. Plaintiffs objected to the former recommendation, arguing that service was adequate and that there is no good cause for setting aside the default.

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, "if service of process was not proper, the court must set aside an entry of default."[1] *O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

Under Federal Rule of Civil Procedure 4(e):

> [A]n individual . . . may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

## III. ANALYSIS

Plaintiffs argue that the entry of default should not be set aside based on deficient service for six reasons: (1) the Court must defer to the U.S. Marshal's assertion that service was proper, (2) West Virginia law authorizes serving an individual by delivering a summons to their co-worker,

---

[1] "The Fourth Circuit has not decided whether the failure to properly serve a party is independently sufficient to set aside an entry of default against that party." *TradeRiver USA, Inc. v. Cubitac Corp.*, Civ. No. 19-2941, 2020 WL 886305, at *3 n.1 (D. Md. Feb. 24, 2020). Here, however, all the parties seem to agree that proper service is a prerequisite to exercising personal jurisdiction and therefore necessary for a default judgment. *See* ECF 24 at 5–6.; ECF 75 at 8. Also, the Court is not troubled by the Fourth Circuit's silence on this issue. Since proper service is necessary for personal justification, and any default judgment against a party would be void if the Court lacked personal jurisdiction over that party, *see Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998), it would make little sense if an entry of default could stand despite improper service.

(3) Ms. Denison received actual notice of Plaintiffs' action, (4) a finding of improper service would unduly burden Plaintiffs and the Court, (5) a finding of improper service would allow Ms. Denison to benefit from gamesmanship, and (6) equitable factors favor a finding of proper service. *See* ECF 75 at 2–4, 6–7. The Court will address each argument in turn.

### A. Deference to the U.S. Marshal

In the Proof of Service the U.S. Marshals Service filed, U.S. Marshal Justin Mounts attested that Mr. Blankenship "is designated by law to accept service of process on behalf of Alyson Denison . . . ." ECF 17 at 3. According to Plaintiffs, "[t]his sworn certification by a federal officer is entitled to substantial weight and creates a rebuttable presumption of validity." ECF 75 at 2. In support of this assertion, Plaintiffs cite to *Freeman v. MML Bay State Life Ins. Co.*, 445 F. App'x 577 (4th Cir. 2011) and *United States v. De La Fuente*, 8 F.3d 1333 (9th Cir. 1993). *See* ECF 75 at 2, 6. Neither case, however, says anything about service of process. *See generally* 445 F. App'x 577; 8 F.3d 1333. Nor has the Court found any precedent suggesting that it should defer to the Marshal's legal conclusion. Accordingly, the Court will not give any weight to the Marshal's assertion.

### B. State Law Authorization

Plaintiffs argue that service on Mr. Blankenship was proper under West Virginia Law. *See* ECF 75 at 3. They assert that "West Virginia law authorizes service on 'an agent or employee of the defendant who is authorized by appointment or by law to received service of process.'" *Id.* (purporting to quote from W. Va. R. Civ. P. 4(d)(1)(D)). This language, however, does not appear in the West Virginia Rules of Civil Procedure.

The Rules *do* authorize service by "[d]elivering a copy to an agent . . . authorized by appointment or statute to receive service of process for the individual . . . ." W. Va. R. Civ. P.

4(d)(1)(C). Plaintiffs, however, have not pointed to any statute authorizing Mr. Blankenship to receive service for Ms. Denison. They do cite to W. Va. Code § 56-3-33(e)(1), but this provision only applies to "[a]ctions by or against nonresident persons . . . ." W. Va. Code § 56-3-33; *see* ECF 75 at 3. According to Plaintiffs' Complaint, Ms. Denison is a West Virginia resident. ECF 4, Compl. ¶ 25. Thus, state law did not authorize service via delivery to Ms. Denison's coworker.

      C.  Actual Notice

It is undisputed that Ms. Denison learned of Plaintiffs' lawsuit after the U.S. Marshal delivered Ms. Denison's summons to Mr. Blankenship. Ms. Denison's actual notice of the suit, however, does not excuse Plaintiffs' failure to properly serve Ms. Denison.

The Fourth Circuit has held:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, delivering the summons to Mr. Blankenship was improper even under a "liberal construction" of the service rules. *Id.*; *see Combs v. Nick Garin Trucking*, 825 F.2d 437, 446 (D.C. Cir. 1987) ("Liberal construction 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process can be had,'" (quoting *United States v. Mollenhauer Labs., Inc.,* 267 F.2d 260, 262 (7th Cir. 1959))). Also, delivering the summons to someone who was not authorized to accept service for the defendant is not a mere "technical violation" or "failure of strict compliance"; serving the proper party is a "plain requirement[] for the means of effecting service . . . ." *Id.* Ms. Denison's actual notice of the lawsuit does not remedy Plaintiff's failure to properly serve her.

### D. Burden on Plaintiffs and the Court

Plaintiffs assert that a finding of improper service would financially burden Plaintiffs and waste judicial resources. *See* ECF 75 at 5. Plaintiffs have not, however, pointed to any authority suggesting that burdens on a party or the Court can justify waiving the service-of-process requirement, nor has the Court found any. The Court will not excuse Plaintiffs' failure to properly serve Ms. Denison on this basis.

### E. Gamesmanship

According to Plaintiffs, Ms. Denison has engaged in "gamesmanship" because she "seeks to invalidate service on a technicality, despite having received the exact notice that service is designed to provide." ECF 75 at 6. Regardless of whether Ms. Denison's actions can be properly characterized as "gamesmanship," Plaintiffs have pointed to no authority suggesting that a defendant's "gamesmanship" can justify waiving the service-of-process requirement, nor has the Court found any. The Court will not excuse Plaintiffs' failure to properly serve Ms. Denison on this basis.

### F. Equitable Considerations

Plaintiffs assert that, "[i]n evaluating service disputes, courts consider equitable factors . . . ." ECF 75 at 7. In support of this assertion, Plaintiffs cite to *Armco* and *State ex rel. Cline v. Mazzone*, 697 S.E.2d 132 (W. Va. 2010). *See* ECF 75 at 7. *Armco*, however, did not purport to apply equitable considerations to a service dispute. *See* 733 F.2d at 1089. Meanwhile, the Court has been unable to locate any case titled "State ex rel. Cline v. Mazzone," nor any other case that supports Plaintiffs' assertion. Accordingly, the Court will not weigh equitable considerations in deciding whether Plaintiffs' validly served Ms. Denison.

Since the Court finds none of Plaintiffs' arguments persuasive, the Court will adopt the Magistrate Judge's finding that Plaintiffs failed to serve Ms. Denison in accordance with Federal Rule of Civil Procedure 4(e). *See* ECF 67 at 6. Because Plaintiffs failed to do so, the entry of default must be set aside, and it is unnecessary to address Plaintiffs' objections to the Magistrate Judge's finding that good cause exists to excuse the default. *See id.* at 9.

That said, the Court will not adopt the Magistrate Judge's recommendation that Ms. Denison be granted leave to file an answer or other responsive pleading. *See id.* Since Ms. Denison has not been served, the Court does not have personal jurisdiction over her, and she has no obligation to file an answer or responsive pleading.

The Court recognizes, however, that Plaintiffs are proceeding pro se and justifiably relied on the Proof of Service the U.S. Marshals Service filed. Accordingly, the Court will direct Ms. Denison's counsel to facilitate service of process.

IV.   CONCLUSION

The Court **GRANTS** Defendant Alyson Denison's Motion to Set Aside Entry of Default (ECF 23) and **DIRECTS** the Clerk to set aside the entry of default (ECF 21). The Court **DENIES** Plaintiffs' Motion for Partial Entry of Default Judgment Against Defendant Alyson Denison, and Award for Damages, Pursuant to Fed. R. Civ. Pro. 55(b)(2) (ECF 27) **as moot**. The Court **ACCEPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations (ECF 67), except for the recommendation that Defendant Denison be granted leave to file an answer or other responsive pleading.

The Court **DIRECTS** Ms. Denison's counsel to contact Plaintiffs and facilitate service of process on Ms. Denison.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Joseph Reeder, United States Magistrate Judge, counsel of record, and any unrepresented parties.

ENTER:       December 8, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE