IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TEARRIA SIMMONS and CLINTON
SIMMONS, *individuals, their children,*
A.B.P., O.S.S., and R.T.S., *by and through
their mother*; and BILLY LEE CORAM,
*an individual, pro se*,

      Plaintiffs,

v.                                                Case No. 3:25-cv-00345

CITY OF HURRICANE, *a municipality*;
SCOTT EDWARDS, *Mayor of the City of
Hurricane, in his individual capacity*;
CHIEF MICHAEL MULLINS, *Chief of
Hurricane Police Dept., in his individual
capacity*; CORPORAL BRETT JOHNSON;
PATROLMAN W. D. ALLEN; PATROLMAN
PAYTON CARR; SERGEANT MAKENZIE
WHITE; DETECTIVE JONATHON PAYNE;
OFFICER JOHN DOES 1-10, i*nclusive, in
their individual capacities*; and
ALYSON DENISON, *a worker for Child
Protective Services, in her individual
capacity*,

      Defendants.

## ORDER

      Pending are Plaintiffs' Motion to Exceed Page Limit for Memoranda, (ECF No. 52); Defendants' Motion to Strike Plaintiffs' Response, (ECF No. 55); Plaintiffs' Motion to Strike Reply, (ECF No. 63); Defendants' Motion to Prohibit the Unauthorized Practice of Law and Motion to Strike Improper Filings by Non-Attorney Tearria Simmons, (ECF No. 66); Plaintiffs' Motion for Sanctions Against Attorney Duane Ruggier II, (ECF No. 72);

1

and Plaintiffs' Motion for Protective Order, (ECF No. 76). These motions are fully briefed and ripe for disposition.

## I.     Motion to Exceed Page Limit

Plaintiffs' Motion to Exceed Page Limit for Memoranda, (ECF No. 52), is **GRANTED** for the following reasons. Plaintiffs filed a single consolidated response in opposition, (ECF No. 51), to the pending motions for judgment on the pleadings filed by Defendants Makenzie White, W.D. Allen, Brett Johnson, Payton Carr, and Jonathon Payne, (ECF Nos. 35, 37, 39, 41, 43). The response, (ECF No. 51), exceeds the 20-page limitation set forth in Rule 7.1(a)(2) of the Court's Local Rules of Civil Procedure by 10 or so pages. Plaintiffs explain in their motion that Defendants' separate Rule 12(c) motions raise overlapping legal issues and that a consolidated memorandum was submitted in the interest of judicial economy rather than filing a series of repetitive responses. (ECF No. 52 at 1).

The pending Rule 12(c) motions indeed present multiple issues, including municipal liability, supervisory liability, qualified immunity, and the sufficiency of Plaintiffs' Fourth Amendment claims. (ECF Nos. 35, 37, 39, 41, 43). The consolidated response directly addresses those arguments and assists the Court in resolving the dispositive motions on a complete record. (ECF No. 51). District courts retain broad discretion to manage briefing and to modify page limitations where appropriate in the interest of resolving matters on their merits. Fed. R. Civ. P. 83(b); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993).

Defendants have not demonstrated any specific prejudice resulting from the length of the filing, and they filed reply memoranda fully addressing Plaintiffs' arguments. The

Court has considered only those portions of the response relevant to the issues properly before it.

Allowing the memorandum in excess of the page limit advances the directive of Rule 1 of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of this action. Therefore, the Court finds good cause to permit the filing.

## II. Motion to Strike Plaintiffs' Response

Defendants' Motion to Strike Plaintiffs' Response, (ECF No. 55), is **DENIED**. Defendants filed a combined memorandum opposing Plaintiffs' Motion for Leave to Exceed Page Limit and moving to strike Plaintiffs' consolidated response. (ECF No. 52). They contend that the memorandum exceeds the twenty-page limitation set forth in Local Rule 7.1(a)(2) and that Plaintiffs were required to file separate responses to each motion. Local Rule 7.1(a)(2) establishes a default page limitation for memoranda and provides that motions to exceed that limitation will be denied absent a showing of good cause. The Rule does not require the Court to strike a filing that exceeds the page limit. District courts retain broad discretion to manage briefing and to determine the appropriate remedy for noncompliance with local rules. Fed. R. Civ. P. 83(b); *Shaffer Equip. Co.*, 11 F.3d at 461.

As set forth above, the Court granted Plaintiffs' Motion for Leave to Exceed Page Limit and has accepted the consolidated response as filed. In light of that ruling, Defendants' request to strike the memorandum on the basis of its length is moot. Further, to any extent that Defendants seek to strike the filing because Plaintiffs submitted a single consolidated memorandum rather than separate responses, that argument is not persuasive. The targeted Rule 12(c) motions raise overlapping legal issues, and the use of a consolidated response promotes efficiency and avoids duplicative briefing without impairing Defendants' ability to reply. The record reflects that Defendants in fact filed

reply memoranda addressing Plaintiffs' arguments. Defendants have not identified any specific portion of the response that prevented them from presenting their positions or otherwise resulted in prejudice.

Moreover, although Defendants style their request as a motion to strike, the challenged filing is a memorandum in opposition to dispositive motions and therefore is not a "pleading" within the meaning of Rule 7(a) of the Federal Rules of Civil Procedure. Rule 12(f) applies only to pleadings. Fed. R. Civ. P. 7(a), 12(f); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *United States ex rel. Head v. Kane Co.*, 668 F. Supp. 2d 146, 152 (D.D.C. 2009). Accordingly, striking the memorandum is not an appropriate remedy.

In sum, striking a brief is a severe sanction and is generally disfavored where lesser measures are available and where the Court is capable of disregarding any improper or immaterial material without removing the filing from the record. *Shaffer*, 11 F.3d at 462. As noted, the Court has considered only those portions of Plaintiffs' response relevant to the issues properly before it.

### III. <u>Motion to Strike Replies</u>

Plaintiffs' Motion to Strike Defendants' Reply Memoranda, (ECF No. 63), is **DENIED.** Plaintiffs seek to strike the reply memoranda filed in further support of the motions for judgment on the pleadings and, in particular, challenge the attachment of a search warrant as an exhibit to one of the replies. The filing of reply memoranda is expressly contemplated by Local Rule 7.1(a)(7), which permits a movant to file a reply within the time prescribed by the Rule. Accordingly, the submission of reply briefs was procedurally proper.

Regarding Plaintiffs' request that the replies be stricken, such relief is not warranted. Motions to strike are generally disfavored and constitute a drastic remedy. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). As previously stated, Rule 12(f) of the Federal Rules of Civil Procedure applies only to pleadings as defined in Rule 7(a) and does not provide a mechanism for striking briefing memoranda. Fed. R. Civ. P. 7(a), 12(f). A reply brief is not a pleading.

Plaintiffs also object to Defendants' attachment of a search warrant to the reply. The exhibit is a copy of the warrant issued by a Putnam County magistrate for the search of the Simmons residence. (ECF No. 56-1). The warrant is referenced in the pleadings and is central to Plaintiffs' claims challenging the validity and execution of that warrant. At the Rule 12(c) stage, the Court may consider documents that are integral to and explicitly relied upon in the complaint, so long as their authenticity is not disputed. *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). The warrant falls within that category. Defendants' attachment of the warrant to the reply does not transform the motion into one for summary judgment, nor does it create unfair surprise.

In any event, even when material outside of the pleadings is submitted, the appropriate course is not to strike the filing, but for the Court to determine whether to consider the material in resolving the motion. The Court is fully capable of disregarding any argument or exhibit that exceeds the permissible scope of Rule 12(c) review. Plaintiffs have not demonstrated that the inclusion of the exhibit has prejudiced their ability to respond to the dispositive motions.

### IV.    Motion to Prohibit Unauthorized Practice of Law and Motion to Strike Improper Filings

Defendants' Motion to Prohibit Unauthorized Practice of Law and Motion to Strike Improper Filings, (ECF No. 66), is **DENIED**. Defendants move to prohibit Plaintiff Tearria Simmons, a non-attorney proceeding *pro se*, from representing any party other than herself and to strike filings to the extent they purport to assert claims on behalf of other Plaintiffs, including the minor children. (ECF No. 66). Defendants argue that under 28 U.S.C. § 1654 and governing Fourth Circuit precedent, a litigant appearing *pro se* may conduct only her own case and may not represent other individuals. They contend that Plaintiffs' filings reflect impermissible representation and request that the Court strike such filings and prohibit further unauthorized practice.

Section 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The right of self-representation conferred by that statute is personal and does not authorize a non-lawyer to appear on behalf of another. The Fourth Circuit has long held that a litigant proceeding *pro se* may not represent other parties. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). The Fourth Circuit has further held that a parent who is not a licensed attorney may not litigate claims on behalf of minor children in federal court. *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400–01 (4th Cir. 2005). That prohibition rests upon the principle that conducting litigation constitutes the practice of law and the fact that the legal interests of minors must be protected.

The record does not support Defendants' assertion that Ms. Simmons has acted as legal counsel for the adult Plaintiffs. The consolidated response to the Rule 12(c) motions, (ECF No. 51), was signed individually by Tearria Simmons, Clinton Simmons, and Billy Coram. (ECF No. 51 at 30). Joint or consolidated filings by multiple litigants proceeding

6

*pro se* do not constitute unauthorized representation where each party signs and adopts the filing. On the present record, there is no basis to conclude that Ms. Simmons has entered an appearance as legal representative for the other adult Plaintiffs. Accordingly, the motion is without merit as to the adult parties.

The analysis differs with respect to the minor Plaintiffs. The Fourth Circuit's decision in *Myers* makes clear that a non-attorney parent may not prosecute claims on behalf of minor children in federal court. After Defendants filed the present motion, the Court entered an Order appointing Ms. Simmons as guardian *ad litem* for the minor Plaintiffs pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. (ECF No. 85). Rule 17(c) obligates the Court to protect the interests of minors and authorizes appointment of a guardian *ad litem* or issuance of another appropriate protective order. The appointment ensures that the minors have a legally recognized representative in this action. It does not confer upon Ms. Simmons the authority to practice law or to litigate claims on behalf of the minors in contravention of § 1654 and *Myers*.

At this stage of the proceedings, the Court finds that striking pleadings or imposing a blanket prohibition is neither necessary nor proportionate. The case remains at the pleadings stage. The Court retains continuing authority under Rule 17(c) to impose additional safeguards should the posture of the litigation require it, including requiring the appearance of licensed counsel on behalf of the minor Plaintiffs if this action proceeds beyond preliminary dispositive motion practice.

Striking filings is a severe remedy and is generally disfavored where lesser corrective measures suffice. The Court again emphasizes that federal courts possess inherent authority to manage their dockets and to tailor relief proportionate to the

circumstances. *Shaffer*, 11 F.3d at 461–62. Clarification of the governing legal framework is sufficient at this juncture.

The Court therefore clarifies that Ms. Simmons may prosecute her own claims *pro se* and may serve as guardian *ad litem* for the minor Plaintiffs pursuant to the Court's prior Order. She may not, however, represent other parties as legal counsel or engage in the unauthorized practice of law. Should the interests of the minor Plaintiffs require representation by licensed counsel as this case progresses, the Court will address the issue at the appropriate time.

### V.     Motion for Sanctions

Plaintiffs' Motion for Sanctions, (ECF No. 72), is **DENIED**. Plaintiff Tearria Simmons moves for the imposition of sanctions against Defendants' counsel, Duane J. Ruggier II, pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and the Court's inherent authority. (ECF No. 72).

Plaintiff contends that Defendants' Motion to Prohibit Unauthorized Practice of Law, (ECF No. 66), was filed in bad faith, contained knowingly false factual assertions, and was intended to harass or intimidate her as a *pro se* litigant. She seeks monetary sanctions, including reimbursement of out-of-pocket expenses and punitive relief. Defendants oppose the motion, arguing that their Motion to Prohibit, (ECF No. 66), was supported by existing authority and was filed for the legitimate purpose of alerting the Court to what they believed to be unauthorized practice of law. (ECF No. 80).

Defendants further argue that Plaintiff has mischaracterized precedent throughout her sanctions memorandum and that counsel did not act for any improper purpose, in bad faith, or in a manner that unreasonably and vexatiously expanded the litigation.

8

Plaintiff filed a reply reiterating her position and disputing Defendants' characterization of both the law and the record. (ECF No. 81).

Rule 11(b) requires that pleadings and motions be presented for a proper purpose and that legal contentions be warranted by existing law or by a nonfrivolous argument for its extension or modification. Fed. R. Civ. P. 11(b)(1)–(2). Sanctions under Rule 11 are reserved for filings that are objectively unreasonable under the circumstances. The standard is one of objective reasonableness, not subjective bad faith.

Here, Plaintiff's motion rests primarily upon the assertion that Defendants' Motion to Prohibit, (ECF No. 66), lacked any legal foundation and was filed solely to harass her. The record does not support that conclusion. Defendants' Motion to Prohibit cited 28 U.S.C. § 1654, Fourth Circuit authority addressing the limits of *pro se* representation, and West Virginia law governing the unauthorized practice of law. Whether Defendants' arguments ultimately prevail is a separate question. The mere fact that a motion is unsuccessful does not render it sanctionable.

The Motion to Prohibit presented a colorable legal issue. Namely, whether a non-attorney litigant may represent other parties, including minor children, in federal court. That issue has been addressed repeatedly by the Fourth Circuit and district courts within this Circuit. Raising such an issue for judicial determination does not constitute sanctionable conduct.

The Court further finds no evidence that the Motion to Prohibit was presented for an improper purpose within the meaning of Rule 11(b)(1). The motion addressed representation and standing concerns. It did not contain scandalous or abusive language. Disagreement with counsel's characterization of the record does not transform an

9

advocacy filing into sanctionable misconduct. Accordingly, Plaintiff has not demonstrated a violation of Rule 11.

Section 1927 permits sanctions against "[a]ny attorney or other person admitted to conduct cases" who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Fourth Circuit has held that a finding of bad faith is a precondition to imposing sanctions under § 1927.

Plaintiff argues that Defendants' filing of the Motion to Prohibit and related briefing expanded the scope of the litigation unnecessarily. The Court does not agree. Filing a single motion addressing representation does not constitute unreasonable and vexatious multiplication of proceedings. Courts routinely entertain such motions at the pleading stage.

The record does not demonstrate that Defendants engaged in a pattern of repetitive or obstructive filings. The sanctions motion itself acknowledges that the challenged conduct centers on the filing of the Motion to Prohibit, (ECF No. 66). A solitary, legally grounded motion does not meet the standard required under § 1927. The Court further finds no evidence of subjective bad faith. Even accepting Plaintiff's characterization of certain legal arguments as mistaken or overstated, the record does not support a finding that counsel acted with improper motive or intent to harass. Section 1927 sanctions are therefore unwarranted.

Federal courts possess inherent authority to sanction conduct that abuses the judicial process. That authority must be exercised with restraint and discretion. A finding of bad faith is required before such sanctions may be imposed. Plaintiff contends that Defendants' counsel lacked candor and engaged in personal attacks. The Court has reviewed the challenged filings. While the briefing on both sides reflects strongly worded

advocacy, it does not rise to the level of abuse of the judicial process. The parties dispute the meaning and application of precedent, but they do not present fabricated evidence or knowingly false factual representations.

The Court accentuates that motions for sanctions are not substitutes for merits briefing. Litigation necessarily involves disagreement about the interpretation of precedent and the application of procedural rules. The Court will not convert routine advocacy disputes into sanction proceedings absent clear evidence of misconduct. No such evidence is present here.

Plaintiff also seeks monetary compensation for the time expended and out-of-pocket costs. Even if a sanctionable violation had been shown, the categories of relief requested would require careful scrutiny. Section 1927 authorizes recovery of "excess costs, expenses, and attorneys' fees." A *pro se* litigant does not incur attorney's fees within the meaning of fee-shifting statutes. Moreover, Rule 11 sanctions are limited to what suffices to deter repetition of the conduct. The Court finds no sanctionable conduct. The Court therefore does not reach the scope of recoverable relief.

The Court finds that Defendants' Motion to Prohibit Unauthorized Practice of Law, (ECF No. 66), raised a colorable legal issue grounded in existing authority. The filing does not reflect bad faith, improper purpose, or unreasonable multiplication of proceedings. Plaintiff has not met the stringent standards required for sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority.

### VI.    Motion for Protective Order

Plaintiffs' Motion for Protective Order, (ECF No. 76), is **DENIED**. In their motion, Plaintiffs invoke Rule 26(c) of the Federal Rules of Civil Procedure and request an order prohibiting defense counsel from engaging in further "personal investigation,

harassment, or extrajudicial intrusion," and from conducting what Plaintiffs characterize as improper inquiry into Plaintiff Tearria Simmons's background. Plaintiffs also submitted a proposed order seeking to require defense counsel to "cease any extrajudicial investigation or inquiry" into Plaintiffs and to refrain from conduct allegedly lacking a substantial purpose. *Id.*

Rule 26(c)(1) authorizes a court, for good cause shown, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The burden rests with the movant to demonstrate specific prejudice or harm that will result in the absence of a protective order. Conclusory allegations or generalized assertions of improper conduct are insufficient to satisfy that burden.

As an initial matter, Rule 26(c)(1) expressly requires that a motion for protective order "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiffs' filing does not include the certification required by Local Rule 37.1(a), nor does the motion represent that Plaintiffs conferred with defense counsel prior to seeking court intervention. The absence of that prerequisite alone warrants denial of the motion.

Substantively, the motion arises from defense counsel's investigation into whether Plaintiff Tearria Simmons, who filed this action *pro se*, is authorized to practice law while submitting filings on behalf of other named plaintiffs. As reflected in the related briefing on Defendants' Motion to Prohibit Unauthorized Practice of Law, defense counsel reviewed publicly available information to determine whether Plaintiff was engaged in the unauthorized practice of law. Nothing in the record suggests that counsel obtained privileged materials, violated any court order, or employed improper means of discovery.

Rule 26(c) governs discovery. Plaintiffs do not identify any discovery request, deposition, subpoena, or formal discovery mechanism that is allegedly abusive or oppressive. Instead, they seek a broad order restricting defense counsel's investigation and advocacy. Rule 26(c) does not authorize the Court to preemptively restrain opposing counsel from conducting lawful factual investigation based on publicly available information, particularly where such investigation relates directly to a pending motion and to the Court's authority to regulate the practice of law before it.

The proposed order submitted by Plaintiffs would also impose vague, sweeping restrictions untethered to any specific discovery request or demonstrated harm. Courts require a particular and specific showing of fact to support a protective order. Broad allegations of "harassment" or "intrusion," without evidentiary support, do not suffice. Additionally, the regulation of attorney conduct is addressed through established procedural mechanisms and, where appropriate, through the Court's inherent authority. Plaintiffs have not demonstrated that defense counsel's conduct violated any rule of civil procedure, any court order, or any professional rule in a manner warranting the extraordinary remedy of a protective order. In sum, Plaintiffs have not satisfied the procedural prerequisites of Rule 26(c), nor have they demonstrated good cause for the sweeping relief requested. The motion therefore must be denied.

The Clerk is directed to provide a copy of this Order to all counsel of record and to any unrepresented party.

**ENTERED:** March 13, 2026

_____
Joseph K. Reeder
United States Magistrate Judge